# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIM NEWMAN and<br>WHITNEY NEWMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>VFS US LLC,<br>a Foreign Limited Liability Company,<br>VOLVO FINANCIAL SERVICES,<br>a foreign company,<br>VOLVO CAR FINANCIAL SERVICES<br>U.S., LLC, a foreign company d/b/a<br>Volvo Financial Services,<br>BRUCKNER TRUCK SALES, INC.,<br>a foreign company,<br>DEBRA R. HASTON, an individual,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-17-907-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is plaintiffs' Motion to Remand, filed September 22, 2017. On October 13, 2017, defendants VFS US LLC and Volvo Financial Services ("VFS") filed their response, and on October 20, 2017, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

On June 30, 2017, plaintiffs filed the instant action in the District Court of Oklahoma County, State of Oklahoma. On July 25, 2017, plaintiffs filed their First Amended Petition. On August 23, 2017, VFS removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs now move this Court to remand this action to state court pursuant to 28 U.S.C. § 1447.

Plaintiffs assert that VFS has failed to meet its burden to prove diversity jurisdiction. Specifically, plaintiffs contend that defendant Debra R. Haston is not a diverse party, as both

plaintiffs and Ms. Haston are citizens of Oklahoma. VFS asserts that plaintiffs' motion to remand fails under the express terms of the forum defendant rule, as set forth in 28 U.S.C. § 1441(b)(2). VFS further asserts that Ms. Haston was fraudulently joined in an effort to prevent removal.

The forum defendant rule provides:

> A civil action <u>otherwise removable</u> solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added). Thus, an action must be otherwise removable prior to any application of the forum defendant rule. The Court, therefore, will first determine whether this action was otherwise removable – whether this Court has diversity jurisdiction.

Removal statutes are strictly construed and all doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). When a non-diverse party has been joined as a defendant, then in the absence of a federal question, the removing defendant may avoid remand only by demonstrating fraudulent joinder. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The party asserting fraudulent joinder carries a heavy burden in making this showing. *Batoff*, 977 F.2d at 851; *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (internal quotations and citations omitted). If there is even a possibility that a state court would find the complaint states a cause of action against the non-diverse defendant, the federal court must find joinder was proper and remand the case to state court. *Batoff*, 977 F.2d at 851; *Montano*, 2000 WL 525592, at *1. In determining fraudulent joinder claims, the court must resolve all disputed

questions of fact and any uncertainties as to the current state of controlling substantive law in favor of the non-removing party. *Batoff*, 977 F.2d at 852; *Montano*, 2000 WL 525592, at *1.

In the instant action, plaintiffs allege a claim and seek damages against Ms. Haston for falsely notarizing or creating plaintiffs' signatures and creating liability for plaintiffs. *See* First Amended Petition at ¶ 9 and prayer. Under Oklahoma law,

> [a] notary has the duty of determining "either from personal knowledge or from satisfactory evidence, that the person appearing before the officer and making the acknowledgment is the person whose true signature is on the instrument." 49 O.S.1991 § 113. Failure to perform that duty gives rise to a cause of action in tort. *State Nat'l Bank v. Mee*, 136 P. 758, 39 Okla. 775 (1913).

*Szczepka v. Weaver*, 942 P.2d 247, 249 (Okla. Civ. App.1997).

Having reviewed plaintiffs' First Amended Petition, the Court finds that an Oklahoma court would find that plaintiffs have stated a claim against Ms. Haston. Further, the Court finds that VFS has not shown that plaintiffs have no real intention in good faith to prosecute their claim against Ms. Haston. Ms. Haston has now been served and has filed an answer. Accordingly, the Court finds that Ms. Haston is not fraudulently joined and that this Court, therefore, does not have diversity jurisdiction in this case and this action should be remanded to the state court.

For the reasons set forth above, the Court GRANTS plaintiffs' Motion to Remand [docket no. 13] and REMANDS this case to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 16th day of April, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE